IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, ) | |
| # 101 329, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-1067-WHA |
| ) | [WO] |
| COUNTY OF MONTGOMERY, ALABAMA, ) | |
| *et al*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Arthur Brennan Malloy, a state inmate and frequent federal litigant.  Malloy maintains he satisfies the eligibility requirements for a modification of sentence under Ala. Code § 13A-5-9.1 and that Defendants' decision to deny his "Kirby" motions in November of 2003 and March of 2007 violated his constitutional rights.[1]  Doc. 1 at 2–3, 5.

**II.  DISCUSSION**

Upon initiation of this case, Malloy filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Doc. 2.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

---

[1] *See Kirby v. State*, 899 So.2d 968 (Ala. 2004).

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of this court, the Eleventh Circuit Court of Appeals, and the United States District Court for the District of Columbia establish that Malloy, while incarcerated or detained, has on at least five occasions had civil actions and an appeal dismissed as frivolous or failure to state a claim.  The cases on which this court relies in finding a § 1915(g) violation by Malloy include:  (1) *Malloy v. County of Montgomery, Alabama, et al.*, Case No. 2:18-CV-665-WKW (M.D. Ala. Sept. 24, 2018) (malicious); (2) *Malloy v. County of Montgomery, Alabama, et al.*, Case No. 2:15-CV-898-MHT (M.D. Ala. 2016) (failure to state a claim); (3) *Malloy v. County of Montgomery, Alabama, et al.*, Appeal No. 16-11398-A (11th Cir. 2016) (appeal frivolous); (4) *Malloy v. Hobbs, et al.*, Case No. 1:90-CV-1497-SSH (D.C. 1990) (failure to state a claim); and (5) *Malloy v. Young, et al.*, Case No. 2:98-CV-981-MHT (M.D. Ala. 1998).

As Malloy has three strikes, he may not proceed *in forma pauperis* in this case unless he was "under imminent danger of serious physical injury" at the time he filed the complaint.  28 U.S.C. § 1915(g).  In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "A plaintiff must provide the court with specific allegations

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause.  *Id*. at 728-730; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013).

In addition, numerous district courts, including the United States District Court for the Southern District of Alabama and the United States District Court for the Northern District of Florida, have adopted the Second Circuit's determination that "an adequate nexus must exist between the claims plaintiff seeks to pursue and the imminent danger he alleges. *Pettus v. Morgenthau*, 554 F.3d 293, 296, (2d Cir. 2009) (finding that the exception to § 1915(g) was not satisfied because the nexus was too attenuated between the defendants associated with plaintiff's conviction and the alleged imminent danger of serious physical injury arising from his incarceration that was based on the denial of medication and being 'surrounded by hostile, aggressive, violent inmates who beat, rob, assault, extort, and sexually abuse him.'" *May v. Barber*, 2016 WL 1735556, at *2 (S.D. Ala. Mar. 24, 2016); *Cole v. Ellis*, 2015 WL 6407205, at *1 (N.D. Fla. Sept. 3, 2015), Report and Recommendation adopted as opinion of the court, 2015 WL 6394506 (N.D. Fla. Oct. 22, 2015) (holding that, in addition to showing an imminent danger of serious physical injury, "there must be an adequate nexus between the imminent danger alleged and the legal claims asserted in the prisoner's complaint."); *Ball v. Hummel*, 577 Fed. App'x 96, 96 n.1 (3rd Cir. 2014) (recognizing that to satisfy the imminent danger requirement of § 1915(g) a prisoner must demonstrate an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges) (citing *Pettus*, 554 F.3d at 296); *see also Stine v. Fed. Bureau of Prisons Designation and Sentence Computation Unit*, 571 Fed. App'x 353, 354 (5th Cir. 2014) (finding that the plaintiff failed to establish imminent danger arising from claims of inadequate protection by federal prison officials in Colorado and further noting he "also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his [pending] claims

against BOP defendants in Texas[.]"); *cf. Barber v. Krepp*, 2017 WL 694489, at *3 (11th Cir. Feb. 22, 2017) (acknowledging "the Second Circuit has concluded that, in order to fall within the 'imminent danger' exception to § 1915(g), the prisoner must demonstrate a 'nexus' between the physical injury he fears and the claims in his complaint, *Pettus*, [554 F.3d at 297,]" but declining to decide "whether § 1915(g)'s 'imminent danger' exception requires proof of such a nexus" because, even if it does, a nexus existed between the assertion of imminent harm and the claim presented in the complaint).

In his complaint, Malloy presents claims challenging the constitutionality of actions taken by the state courts in denying his request for a modification of sentence under Ala. Code. § 13A-5-9.1 in November of 2003 and March of 2007. The court has thoroughly reviewed Malloy's claims for relief and finds these claims do not allege nor in any way indicate that Malloy was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999) (holding that a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" bar contained in 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Finally, if Malloy is required to show a nexus between the claims he now seeks to pursue and any potential danger attendant to the current conditions of

4

his incarceration, he has failed to do so as the challenged conduct is "much too attenuated from" such conditions to show imminent danger. *Pettus*, 554 F.3d at 296. Consequently, under the circumstances of this case, Malloy cannot avoid the "three strikes" bar under 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Malloy's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice as Malloy failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for leave to proceed *in forma pauperis* filed by Plaintiff (Doc. 2) be DENIED.

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

On or before **January 22, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by

the District Court of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th C<small>IR</small>. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done, this 8th day of January 2019.

        /s/    Charles S. Coody
UNITED STATES MAGISTRATE JUDGE